Brian S. Kabateck, SBN 152054
(bsk@kbklawyers.com)
Joshua H. Haffner, SBN 188652
(jhh@kbklawyers.com)
Peter Klausner, SBN 271902
(pk@kbklawyers.com)
**KABATECK BROWN KELLNER LLP**
644 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JAN 16 2015

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

*Attorneys for Plaintiff and the Proposed Class*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SHERRY WILTZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHATTEM, Inc. is a Tennessee corporation, and DOES 1-10 Inclusive<br><br>Defendants. | Case No.<br><br>**BC 569573**<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200,** *et seq.*;<br>2. **FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500,** *et seq.*;<br>3. **VIOLATION OF CONSUMER LEGAL REMEDIES ACT (Civ. Code §§ 1770(a)(5); 1770(a)(7); 1770(a)(9);AND**<br>4. **UNJUST ENRICHMENT.**<br><br>**JURY TRIAL DEMANDED** |

- 1 -

CLASS ACTION COMPLAINT

## NATURE OF THE ACTION

1. Plaintiff Sherry Wiltz ("Plaintiff") brings this class action against Defendant Chattem Inc., and Does 1 through 10 (collectively "Defendant") to recover damages and other relief available at law and in equity on behalf of herself as well as on behalf of the members of the following class:

> *All California residents who purchased Act Mouthwash, containing the statement "Rebuilds Tooth Enamel" for personal use within 4 years from the date of filing of this complaint to the present.*

2. This action arises from Defendant's false labeling and advertising of ACT branded mouthwash. Defendant included claims that its ACT branded restoring mouthwash "REBUILDS tooth enamel." This claim is false and is likely to mislead consumers.

3. Accordingly, Plaintiff brings this class action asserting claims for Defendant's violation of California Business and Professions Code sections 17200 and 17500, et seq., and unjust enrichment.

## PARTIES

4. Plaintiff Sherry Wiltz is, and was at all relevant times, a resident of the State of California. She purchased ACT Restoration mouthwash for personal use on a regular basis based on the claims made that it rebuilds tooth enamel.

5. Defendant Chattem Inc., is a Tennessee corporation with its principle place of business in Chattanooga Tennessee.

## GENERAL ALLEGATIONS

6. The true names and capacities, whether individual, corporate, associate, representative, alter ego or otherwise, of defendants and/or their alter egos named herein as DOES 1 through 10 inclusive are presently unknown to Plaintiff at this time, and are therefore sued by such fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiff will amend this Complaint to allege the true names and capacities of DOES 1 through 10 when they have been ascertained. Plaintiff is informed and believes and based thereon alleges that DOES 1 through 10 were authorized to do and did business in Los Angeles County.

-2-

CLASS ACTION COMPLAINT

7.      Plaintiff is further informed and believes and based thereon alleges that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.

8.      Plaintiff is informed and believes, and on that basis alleges, that all Defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, captive agents or brokers, conspirators, ostensible agents, partners, brokers and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, joint venture, conspiracy and/or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-defendants; however, this allegation is pleaded as an "alternative" theory wherever not doing so would result in a contradiction with other allegations.

9.      All allegations in this complaint are based on information and belief and/or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Whenever allegations in this complaint are contrary or inconsistent, such allegations shall be deemed alternative.

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over all causes of action asserted herein by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court.

11.      Venue is proper in this Court because this is a class action, the acts and/or omissions complained of took place, in whole or in part, within the venue of this Court.

## FACTUAL BACKGROUND

12.      Defendant markets, sells, distributes, designs, and makes available ACT branded mouthwash which contains an improper, false, and misleading label stating that the mouthwash "REBUILDS tooth enamel." This statement is contained on their "Restoring" line of product. A bottle of ACT restoring mouthwash costs approximately between $10.00 and $20.00.   There are at least two

CLASS ACTION COMPLAINT

1  sizes of ACT Restoring mouthwash, which are identical, except for the bottle size, and include the

2  representations complained of herein.

3      13.    The ACT Restoring mouthwash label claims it "REBUILDS tooth enamel" despite

4  overwhelming scientific knowledge that tooth enamel cannot be rebuilt.

5      14.    Defendant's representations about the efficacy of their products are false.

6      15.    Plaintiff, relying on the representations contained on the labels of the mouthwash,

7  regularly purchased ACT restoring mouthwash for personal use.  During a regular dentist cleaning she

8  was told by her dentist that the product does not and cannot restore tooth enamel.

9      16.    Plaintiff used the product as directed.  However, contrary to the assertions contained on

10  the label, Plaintiff did not receive the benefits asserted.  As such, Plaintiff – like every class member –

11  has been injured as a result of Defendant's false claims concerning rebuilding tooth enamel.

12  <center>**CLASS ACTION ALLEGATIONS**</center>

13      17.    Plaintiff brings this class action for damages other monetary and injunctive relief on

14  behalf of the following class:

15          *All California residents who purchased Act Mouthwash, containing the*

16          *statement "Rebuilds Tooth Enamel" for personal use within 4 years*

17          *from the date of filing of this complaint to the present.*

18      18.    Excluded from the Class are governmental entities, Defendant, any entity in which

19  Defendant has a controlling interest or to which Defendant is a subsidiary, and Defendant's officers,

20  directors, affiliates, legal representatives, employees, co-conspirators, successors, and assigns.  Also

21  excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the

22  members of their immediate families and judicial staff.

23      19.    NUMEROSITY: The proposed Class is so numerous that individual joinder of all its

24  members is impracticable.  Due to the nature of the trade and commerce involved, however, Plaintiff

25  believes that the total number of Class members is at least in the tens of thousands and members of the

26  Class as numerous and geographically dispersed across California.  While the exact number and

27

28

<center>- 4 -</center>

1    identities of the Class members are unknown at this time, such information can be ascertained through

2    appropriate investigation and discovery.

3         20.    COMMONALITY: There is a well-defined community of interest in the questions of

4    law and fact involved affecting the class and these common questions predominate over any questions

5    that may affect individual Class members.  Common questions of fact and law include, but are not

6    limited to, the following:

7              a.    Are Defendant's efficacy claims about ACT Restoring mouthwash false?

8              b.    Are Defendant's efficacy claims about ACT Restoring mouthwash misleading?

9              c.    Can ACT Restoring mouthwash restore tooth enamel?

10             d.    When and to what extent did Defendant know that their ACT Restoring

11                   mouthwash efficacy claims were false or misleading?

12             e.    Do Defendant's business practices constitute a violation of the UCL?

13        21.    TYPICALITY: Plaintiff's claims are typical of the claims of the members of the Class.

14   Plaintiff and all members of the Class have been similarly affected by Defendant's common course of

15   conduct since they all purchased ACT Restoring mouthwash for personal use with the efficacy claims

16   printed prominently on the front of the bottle in large bold lettering.  The offending claim is the first

17   bullet point in a list of product features.

18        22.    ADEQUACY: Plaintiff will fairly and adequately represent and protect the interests of

19   the Class.  Plaintiff has no interests adverse to that of the class.  Plaintiff has retained counsel with

20   substantial experience in handling complex class action litigation.  Plaintiff and her counsel are

21   committed to vigorously prosecuting this action on behalf of the Class.

22        23.    SUPERIORITY: A class action is superior to other available methods for the fair and

23   efficient adjudication of the present controversy.  Individual joinder of all members of the class is

24   impracticable.  Even if individual class members had the resources to pursue individual litigation, it

25   would be unduly burdensome to the courts in which the individual litigation would proceed.

26   Individual litigation magnifies the delay and expense to all parties in the court system of resolving the

27   controversies engendered by Defendant's common course of conduct.  The class action device allows

28

CLASS ACTION COMPLAINT

1  a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and

2  efficient handling of all class members' claims in a single forum.  The conduct of this action as a class

3  action conserves the resources of the parties and of the judicial system and protects the rights of the

4  class members.  Furthermore, for many, if not most, a class action is the only feasible mechanism that

5  allows an opportunity for legal redress and justice.  Adjudication of individual class members' claims

6  with respect to the Defendant would, as a practical matter, be dispositive of the interests of other

7  members not parties to the adjudication, and could substantially impair or impede the ability of other

8  class members to protect their interests.  Individual damages are less than $500 and often less than

9  $50.00 such that it would be impracticable or infeasible to redress grievances on an individual basis.

10  ### FIRST CAUSE OF ACTION

11  ### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS

12  ### CODE § 17200, ET SEQ.

13  **(On Behalf of Plaintiff and Class against Defendant)**

14      24.    Plaintiff re-alleges the preceding paragraphs and incorporates them herein by reference.

15      25.    This cause of action is brought on behalf of Plaintiff individually and on behalf of all

16  others similarly situated, and members of the general public pursuant to California Business and

17  Professions Code section 17200, et seq., which provides that "unfair competition shall mean and

18  include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or

19  misleading advertising and any act prohibited by Chapter I (commencing with § 17500) as Part 3 of

20  Division 7 of the Business and Professions Code."

21      26.    Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has

22  lost money as a result of Defendant's false advertising and unfair business practices.  Specifically,

23  prior to the filing of this action, Plaintiff purchased ACT restoring mouthwash for her own personal

24  use.  In so doing, she relied upon the false representations referenced above.

25      27.    Defendant's actions as alleged in this Complaint constitute an unfair or deceptive

26  business practice within the meaning of California Business and Professions Code section 17200 in

27  that Defendant's actions are unfair, unlawful, and misleading, and because the advertising statements

28

CLASS ACTION COMPLAINT

1 | are false and misleading within the meaning of California Business and Professions Code sections

2 | 17200, et seq.

3 |     28.    Based on the foregoing, Defendant's false and misleading marketing, labels and

4 | representations violate, among other statutes, California Civil Code section 1770, et seq. in that it

5 | represents that ACT Restoring mouthwash has characteristics and benefits that it does not and is of a

6 | particular quality or standard which it is not. As a result, Defendant's conduct constitutes an unlawful

7 | business practice within the meaning of California Business and Profession Code section 17200 et seq.

8 |     29.    Based on the foregoing, the benefits of Defendant's conduct are outweighed by the

9 | harm it causes, and as such, Defendant's conduct is unfair within the meaning of California Business

10 | and Professions Code section 17200, et seq.

11 |     30.    Based on the foregoing, Defendant fraudulently deceived Plaintiff and the Class by

12 | representing that ACT Restoring mouthwash restores tooth enamel, which it does not. In doing so,

13 | Defendant misrepresented and concealed material facts from Plaintiff and the Class.

14 |     31.    Plaintiff seeks all remedies available under Section 17200 of the California Business

15 | and Professions Code, including restitutionary and injunctive relief, as well as attorneys' fees and

16 | costs.

17 | ## SECOND CAUSE OF ACTION

18 | ## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS

19 | ## CODE § 17500, ET SEQ.

20 | **(On Behalf of Plaintiff and Class against Defendant)**

21 |     32.    Plaintiff re-alleges the preceding paragraphs and incorporates them herein by reference.

22 |     33.    This cause of action is brought pursuant to California Business and Professions Code

23 | section 17500, et seq., on behalf of Plaintiff individually and on behalf of all California consumers

24 | similarly situated who purchased ACT Restoring mouthwash for personal use at any time during the

25 | four years preceding the filing of this Complaint.

26 |     34.    As alleged herein, Plaintiff has standing to pursue this claim, as Plaintiff has suffered

27 | injury in fact and has lost money as a result of Defendant's false statements, labeling, and unfair

28 |

CLASS ACTION COMPLAINT

1  business practices in an amount representing the difference between the actual value of the product

2  and the premium value of the product charged with the misleading and false label.

3      35.    Defendant, in its labeling and advertising of ACT Restoring mouthwash, made false

4  and misleading statements regarding its efficacy.

5      36.    At all relevant times, Defendant was responsible for the manufacturing, marketing,

6  labeling, and distribution of ACT Restoring mouthwash.

7      37.    Based on the foregoing, Defendant fraudulently deceived Plaintiff and the Class by

8  representing that ACT Restoring mouthwash could "REBUILD tooth enamel." In doing so, Defendant

9  misrepresented and concealed material facts from Plaintiff and the Class, which an ordinary consumer

10  would rely upon and upon which Plaintiff relied in purchasing the product.

11      38.    Plaintiff seeks all remedies available under Section 17535 of the California Business

12  and Professions Code, including restitutionary disgorgement and injunctive relief, as well as attorneys'

13  fees and costs.

14  <div align="center">**THIRD CAUSE OF ACTION**</div>

15  <div align="center">**VIOLATION OF CONSUMER LEGAL REMEDIES ACT (Civ. Code §§ 1770, *et seq.*)**</div>

16  <div align="center">**(On Behalf of Plaintiff and Class against Defendant)**</div>

17      39.    Plaintiff re-alleges the preceding paragraphs and incorporates them herein by reference.

18      40.    Plaintiff brings this claim under the California Civil Code section 1750, *et seq.*, the

19  Consumer Legal Remedies Act, on behalf of herself and the Class, who were subject to Defendant's

20  above-described unfair and deceptive conduct.

21      41.    Section 1770 makes unlawful certain "unfair methods of competition and unfair or

22  deceptive acts of practices undertaking by any person in a transaction intended to result or which

23  results in the sale . . . of goods . . . to any consumer."

24      42.    Defendant is a "person" within the meaning of Civil Code sections 1761(c) and 1770

25  and provides "goods" within the meaning of Civil Code sections 1761(a) and 1770.

26      43.    Purchasers of Defendant's cordless power tools, including Plaintiff and members of the

27  Classes, are "consumers" within the meaning of Civil Code sections 1761(d) and 1770. The purchases

28

- 8 -

<div align="center">CLASS ACTION COMPLAINT</div>

1   made by Plaintiff and members of the Class constitute a "transaction" within the meaning of Civil

2   Code sections 1761(e) and 1770.  Specifically, prior to filing this action, Plaintiff purchased

3   Defendant's ACT Restoring mouthwash for her personal use, and in doing so, she relied upon

4   Defendant's representations.

5         44.      Defendant has undertaken unfair methods of competition and unfair or deceptive

6   practices in transactions intended to result or which have resulted in the sale of goods to a consumer,

7   including but not limited to:

8               a.   Deceptively representing that ACT Restoring mouthwash has characteristics,

9                    uses, or benefits that it does not have, in violation of Section 1770(a)(5);

10              b.   Deceptively representing that ACT Restoring mouthwash is of a particular

11                   standard, quality, or grade when it is of another, in violation of Section

12                   1770(a)(7); and

13              c.   Deceptively advertising ACT Restoring mouthwash with intent not to sell it as

14                   advertised, in violation of Section 1770(a)(9).

15        45.      Defendant has been notified of the alleged violations of the CLRA pursuant to

16   California Civil Code section 1782.  See Exhibit 1 (Letter to Chattem, Inc., dated November 6, 2014.)

17   Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in

18   violation of the CLRA since Defendant still refuses to honor the promises made in the express

19   warranty and have thus injured Plaintiff and the Class.

20        46.      As a proximate result of Defendant's violations of the CLRA, Plaintiff and the Class

21   has suffered damages.  Defendant should be required to pay actual and punitive damages, to make

22   restitution to Plaintiff and the Classes, should be enjoined from continuing such practices, and should

23   be ordered to pay for all costs for bringing this lawsuit, including attorneys' fees, and any other relief

24   which the Court deems proper.

25

26

27

28

CLASS ACTION COMPLAINT

## FOURTH CAUSE OF ACTION

### UNJUST ENRICHMENT

### (On Behalf of Plaintiff and Class against Defendant)

47.     Plaintiff re-alleges the preceding paragraphs and incorporates them herein by reference.

48.     Plaintiff and Class members conferred benefits on Defendant by purchasing ACT Restoring mouthwash.

49.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class members' purchases of ACT Restoring mouthwash.  Retention of those monies under the circumstances is unjust and inequitable because Defendant misrepresented that ACT Restoring mouthwash could "REBUILD tooth enamel" when it could not.  This conduct caused injuries to Plaintiff and Class members because they would not have purchased ACT Restoring mouthwash if the true facts had been known.

50.     Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class members for its unjust enrichment, as ordered by the Court, because no adequate remedy is available at law.

### PRAYER FOR RELIEF

Wherefore, Plaintiff and members of the Class request that the Court enter an order or judgment against Defendant as follows:

1.     Certification of the proposed class and notice thereto to be paid by Defendant;

2.     Adjudge and decree that Defendant has engaged in the conduct alleged herein;

3.     For all legal and equitable remedies available under the Unfair Business Practices Act, California Business & Professions Code § 17200, *et seq.*;

4.     For all legal and equitable remedies available under the False Advertising Law, California Business & Professions Code § 17500, *et seq.*;

5.     For all legal and equitable remedies available under the Consumer Legal Remedies Act, California Civil Code § 1770, *et seq.*;

| | | |
|---|---|---|
| 1 | 6. | For an order of restitutionary disgorgement and all other forms of equitable and |
| 2 | | monetary relief; |
| 3 | 7. | For any and all other legal and equitable remedies that may be available, including |
| 4 | | damages, statutory penalties, attorneys' fees, costs, and pre-judgment and post- |
| 5 | | judgment interest; |
| 6 | 8. | For an injunction preventing Defendant from continuing to falsely represent that its |
| 7 | | product can "REBUILD tooth enamel." |
| 8 | 9. | For any and all such other and further relief that this Court may deem just and proper. |

Dated: January 8, 2015          **KABATECK BROWN KELLNER LLP**

By: _____

Joshua H. Haffner

Peter Klausner

*Attorneys for Plaintiff and the Proposed Class*

**CLASS ACTION COMPLAINT**

1

**DEMAND FOR JURY TRIAL**

2          Plaintiff hereby demands trial by jury of all claims and causes of action in this lawsuit.

3

4

5   Dated: January 8, 2015                    **KABATECK BROWN KELLNER LLP**

6

                                    By: _____
7                                          Joshua H. Haffner
                                           Peter Klausner
8                                          *Attorneys for Plaintiff and the Proposed Class*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12-

# EXHIBIT A



**Kabateck** Brown Kellner LLP

<u>VIA CERTIFIED U.S. MAIL</u>

November 6, 2014

Consumer Affairs Dept.
Chattem, Inc.
PO Box 2219
Chattanooga, TN 37409-0219

Re:     Violation of the California Consumer Legal Remedies Act Regarding Advertising
and Marketing of the ACT Restoring Mouthwash

To Whom It May Concern:

We are legal counsel for Sherry Wiltz. You are hereby notified that Chattem, Inc.
("Defendant"), the manufacturer and distributor of ACT Restoring mouthwash
("Product") in the United States, has violated and continues to violate provisions of the
California Consumer Legal Remedies Act, California Civil Code sections 1750, *et seq.*,
(the "CLRA") with respect to the advertising and marketing of the Product. Defendant's
false and deceptive advertising and marketing of the ACT Restoring mouthwash has
affected Ms. Wiltz and thousands of other similarly situated California consumers (the
"Plaintiff Class"). The Plaintiff Class has entered and continues to enter into transactions
and expend substantial amounts of money in reliance upon the uniform false and
misleading claims contained on the very labels and packaging of the Product, concerning
the Product's ability to rebuild tooth enamel despite the overwhelming scientific
knowledge that tooth enamel cannot be rebuilt.

## I.     DEFENDANT'S FALSE AND MISLEADING REPRESENTATIONS

Defendant's false and misleading representations made in its advertising,
marketing, and packaging of the Product include, by way of example and without
limitation, the contention that the ACT Restoring mouthwash "REBUILDS Tooth
Enamel." Such a claim misrepresents the fact that the Product is unable to rebuild tooth
enamel, as tooth enamel, as a matter of scientific fact, cannot be rebuilt. Simply, the
Product does not perform as Defendant has advertised to Ms. Wiltz and the Plaintiff Class.

## II.   BASIS OF THE COMPLAINT

Chattem, Inc. ("Defendant") is alleged to have violated the CLRA by selling the Product, while misrepresenting the capability and function of the Product including, but not limited to, rebuilding tooth enamel. Defendant is requested to provide copies of the development, test results and/or studies, if any, which substantiate the aforementioned claims concerning the Chattem Product.

Until such time, and as set forth herein, Defendant is in violation of the following California Civil Code sections:

1.   Section 1770(a)(5) – Representing that [ACT Restoring mouthwash] has...characteristics,...uses [or] benefits...which [it does] not have.

2.   Section 1770(a)(7) – Representing that [ACT Restoring mouthwash is] of a particular standard, quality, or grade...if [it is] of another.

3.   Section 1770(a)(9) – Advertising [ACT Restoring mouthwash]...with intent not to sell [it] as advertised.

## III.   DEMAND FOR RELIEF

Demand is hereby made that Defendant agrees, within 30 days of receipt of this Notice, to do and complete the following:

### A.   Changes to Defendant's Advertising of ACT Restoring Mouthwash

We, on behalf of Ms. Wiltz and the Plaintiff Class, demand that Defendant change its advertising of the product and:

(1)   remove all false and misleading claims from the labels and packaging of the ACT Restoring mouthwash;

(2)   remove all references in the ACT Restoring mouthwash advertising to any and all false and misleading claims; and

(3)   immediately cease making any and all false and misleading claims about the ACT Restoring mouthwash.

### B.   Recall of Misbranded Product

In addition, on behalf of Ms. Wiltz and the Plaintiff Class, we request that Defendant institute a recall program, to be approved and supervised by us, as counsel to Ms. Wiltz and the Plaintiff Class, of all of the ACT Restoring mouthwash that presently have packaging or labeling that make any of the claims as described herein.

## C.    Restitution to the Plaintiff Class

We request that you offer Ms. Wiltz and the Plaintiff Class full restitution. Specifically, provide a consumer fund in an amount sufficient to provide each and every class member with a full refund for each and every one of the ACT Restoring mouthwash purchased.  Of course, this would be subject to our review, as class counsel, of appropriate financial information detailing all sales made to California consumers during the Class Period.

This letter also serves as a demand that you preserve and maintain all of the following records, including but not limited to, all electronic records and data, pending resolution of this matter, in accordance with state and federal law:

(1)    All internal manuals, written policies, directives, memoranda, correspondence, emails and other records of communication concerning the Product;

(2)    All advertisements disseminated in California discussing or concerning the Product;

(3)    Any materials disseminated to consumers that discuss or concern the Product;

(4)    Any complaints from any source concerning the Product; and

(5)    Any documents showing the number of units of the Product sold in California.

Finally, we also request that Defendant provide for all costs, reasonable attorney fees, and claims administration costs pursuant to California Civil Code sections 1750, *et seq*.

If you wish to discuss the above, please do not hesitate to contact the undersigned at 213-417-9792.  If we do not hear from you prior to the close of business in two weeks from the date of this letter, then we will assume that Defendant has no interest in attempting to amicably resolve this matter, per C.C.P. 1750, *et seq*. and we will file our Complaint forthwith.

Sincerely,

KABATECK BROWN KELLNER LLP

Evan M. Zucker
*Attorney for Plaintiff and the Proposed Class*